<u>**SETTLEMENT AGREEMENT AND GENERAL RELEASE**</u>

This Settlement Agreement and General Release ("Agreement") is made by and between Kayla Azpeitia ("Ms. Azpeitia"), an individual, and Employment Advocates Group LLC ("EAG"). Ms. Azpeitia and EAG are collectively referred to herein as the "Parties" or individually as a "Party."

WHEREAS, Ms. Azpeitia, was formerly employed by EAG as a vocational counselor; and

WHEREAS, Ms. Azpeitia has filed legal action against EAG entitled *Kayla Azpeitia v. Employment Advocates Group, LLC*, Case No. 1:23-cv-01742 in the U.S. District Court for the Eastern District of Virginia (the "Action") alleging that EAG's deduction of $879.72 from her final pay violated the Federal Labor Standards Act and Virginia Wage Protection Act; and

WHEREAS, EAG denies any violation of law in making the deduction and further denies any liability whatsoever to Ms. Azpeitia; and

WHEREAS, the Parties, having the benefit and assistance of able counsel, desire to settle and resolve any and all claims that Ms. Azpeitia may have against EAG arising from her final pay, Ms. Azpeitia's employment with EAG, separation of employment with EAG, or involving in any way the relationship to date between Ms. Azpeitia and EAG.

NOW THEREFORE, in consideration of the mutual promises and complete release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, Ms. Azpeitia and EAG agree as follows:

1. **Settlement Amount**. In consideration of the actions and promises undertaken by Ms. Azpeitia herein (including, without limitation, the release of claims against EAG), EAG agrees to pay Ms. Azpeitia a settlement in the total gross amount of **$13,000** ("Settlement Amount") subject to the following terms:

    a.  Ms. Azpeitia will forward to EAG, c/o Micah E. Ticatch, Esq., Isler Dare, 1945 Old Gallows Road, Suite 650, Vienna, VA 22182 (mticatch@islerdare.com): (i) a copy of this Agreement executed by Ms. Azpeitia; (ii) copies of <u>IRS Form W-4</u> and <u>IRS Form W-9</u> executed by Ms. Azpeitia; and (iii) an <u>IRS Form W-9</u> executed by Coffield PLC.

    b.  Within three (3) calendar days of EAG's receipt of the executed Agreement, EAG will deliver via email a fully executed copy of the Agreement with signature from EAG to Ms. Azpeitia, c/o Timothy Coffield, Esq., Coffield PLC, 106-F Melbourne Park Circle, Charlottesville, VA 22901, tc@coffieldlaw.com ("Azpeitia's Counsel").

    c.  Within fourteen (14) calendar days of EAG's receipt of the executed Agreement and executed IRS Forms, EAG will deliver to Azpeitia's Counsel payment of the Settlement Amount under the following terms:

        i.   EAG shall transmit a check made payable to <u>Kayla Azpeitia</u> in the amount of **$3,250**, less required wage withholding, which amount constitutes settlement of Ms. Azpeitia's claim for unpaid wages, as well as payment in consideration of any alleged wage-related damages covered by Ms. Azpeitia's general release of claims. The Parties agree this amount is subject to reporting to the IRS on a Form W-2.

        ii.  EAG shall transmit a check made payable to <u>Kayla Azpeitia</u> in the amount of **$3,250**, not subject to withholding, which amount constitutes settlement of Ms. Azpeitia's claim for liquidated damages and any alleged non-wage-related

1

damages covered by Ms. Azpeitia's general release of claims. The Parties agree this amount is subject to reporting to the IRS on a Form 1099.

    ii.    EAG shall transmit a check made payable to Coffield PLC in the amount of **$6,500**, which amount constitutes settlement of Ms. Azpeitia's claims for costs and attorneys' fees. The Parties hereby acknowledge that such amount is subject to reporting to the Internal Revenue Service on an appropriate Form(s) 1099.

c.    The Parties agree that the payments in Section 1.b.i, ii, and iii shall constitute the entire payment of the Settlement Amount and represent a complete, full and final compromise of any claims, injuries, or damages for the Action or of any cause of action that Ms. Azpeitia may have against EAG.

d.    The Parties hereby expressly agree that EAG will report the Settlement Amount to the Internal Revenue Service as noted on the appropriate forms. Ms. Azpeitia acknowledges and agrees that she shall be responsible for any taxes she may owe related to the Settlement Amount.

2.    **Release of Claims**. Ms. Azpeitia, on her own part and on behalf of her descendants, dependents, heirs, executors, administrators, assigns, and successors, hereby covenants not to sue and fully releases, acquits, and discharges EAG, and its parent(s), subsidiaries, LLCs, affiliates, owners, directors, officers, agents, members, shareholders, representatives, employees, assigns, insurers, and successors (collectively referred to as the "EAG Releasees") with respect to and from any and all claims, agreements, contracts, actions, suits, causes of action, attorneys' fees, damages, and liabilities of whatever kind or nature, in law, equity or otherwise, whether known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which Ms. Azpeitia has owned or held against the EAG Releasees at any time up to the date of this Agreement arising out of or in any way connected with Ms. Azpeitia's employment relationship with EAG (including any claim for unpaid wages), Ms. Azpeitia's separation from employment with EAG, and those that were asserted (or that might have been asserted) in the Action. This release does not apply to claims that might arise after the date Ms. Azpeitia executes this Agreement.

3.    **Settlement Approval and Dismissal of Action**. The Parties agree to file a Joint Motion for Approval of Settlement Agreement within five (5) business days of the full execution of this Agreement and take all further necessary steps to have the Action dismissed with prejudice. It is expressly recognized by the Parties that the dismissal with prejudice of the Action is a material term of this Agreement. Ms. Azpeitia agrees that, through her counsel, she will have primary responsibility for drafting and presenting the Joint Motion for Approval, as well as responsibility for any revisions required by the Court.

4.    **No Admission**. The Parties agree that this Agreement is made solely to resolve disputes, and there is no admission of fault by any Party of any liability or of any contention or allegation made by any Party.

5.    **Entire Agreement**. This Agreement constitutes and contains the entire agreement and understanding concerning Ms. Azpeitia's claims against the EAG Releasees, as well as any other subject matters addressed herein between Ms. Azpeitia and EAG and supersedes and replaces all prior negotiations and all prior agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof. Any amendment or modification to this Agreement must be made in writing and signed by Ms. Azpeitia and a duly appointed representative of EAG. The drafting of this Agreement shall be deemed a mutual endeavor by all Parties and shall not be construed against any single Party as the drafter. This Agreement may be electronically signed and executed and delivered by electronic mail using PDF format, and the electronic copy of the executed Agreement shall constitute the original for all purposes.

6.   **Enforcement; Attorneys' Fees**.  Should either Party initiate a legal action involving claims arising under, or claims released by, this Agreement, the prevailing Party in such action shall be entitled to receive its attorneys' fees and costs incurred in the litigation of such action.

The Parties acknowledge that they have read the foregoing Agreement, understand its contents, and have consulted with and had the benefit of legal counsel, and accept and agree to the provisions it contains and hereby execute it voluntarily and with full understanding of its consequences.

**PLEASE READ CAREFULLY.  THIS SETTLEMENT AGREEMENT INCLUDES A COMPLETE RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

KAYLA AZPEITIA

EMPLOYMENT ADVOCATES GROUP, LLC

_Kayla Azpeitia (Apr 17, 2024 19:21 EDT)_
_____
Date

By: _PB Lucas_          _4.18.2024_
                              Date
Title: _CEO_ _____